UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 08-337-KKC

RAYMOND D. HESS,                                                                                          PLAINTIFF

v.                                              **OPINION AND ORDER**

MICHAEL J. ASTRUE,                                                                                     DEFENDANT
Commissioner of Social Security

\* \* \* \* \* \* \*

This matter is before the Court on the parties' cross motions for summary judgment. [R. 9, 10]. For the reasons stated below, Plaintiff's motion for summary judgment [R. 9] is denied and Defendant's motion for summary judgment [R. 10] is granted.

**I. Introduction**

Plaintiff filed a prior application for disability insurance benefits on August 14, 2003. The claim was denied initially and upon reconsideration. At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Roger Reynolds. ALJ Reynolds subsequently denied Plaintiff's application in a written decision dated August 9, 2005. Plaintiff did not appeal ALJ Reynolds's decision.

Plaintiff filed the present application for supplemental security income on February 17, 2006. The Social Security Administration denied this application initially and subsequently after reconsideration. Plaintiff again requested a hearing, and a hearing was held before ALJ James Kemper on September 19, 2007, in Prestonsburg, Kentucky. Plaintiff appeared and testified at the hearing, as did a Gina Baldwin, a vocational expert. ALJ Kemper denied Plaintiff's present

1

application in a written decision dated October 23, 2007.  The Appeals Council denied Plaintiff's request for review, and, therefore, the ALJ's decision stands as the Commissioner's final decision and is now ripe for review.

## II. Discussion

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted).  Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).  The Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Further, when reviewing the ALJ's decision, the Court cannot review the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. Appx. 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. Appx. 503, 506 (6th Cir. 2005).

**B. Overview of the Process**

It is the responsibility of the Commissioner of Social Security, acting through the ALJ, to determine whether a social security disability claimant qualifies as legally disabled, and is thus deserving of disability insurance benefits and supplemental security income. *See* 20 C.F.R. § 404.1527(e)(1). To make this determination, the ALJ follows a five-step sequential analysis. First, the claimant must show that he is not engaging in substantial gainful activity. *Id.* § 404.1520(a). If the claimant is engaging in substantial gainful activity, then he is not disabled regardless of his medical condition, age, education, or work experience. *Id.* § 404.1520(b). Second, the claimant must show that he has a mental or physical impairment or combination of impairments that is severe. *Id.* § 404.1520(a). If the claimant does not have a severe mental or physical impairment or combination of impairments, he is not disabled. *Id.* § 404.1520(c). Third, the ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals a listed impairment. *Id.* § 404.1520(a). If the claimant's impairment or combination of impairments meets or medically equals a listed impairment, then he is disabled. *Id.* § 404.1520(d). If not, then the ALJ must determine the claimant's residual functional capacity before proceeding to the fourth step. *Id.* § 404.1520(e). In the fourth step, the ALJ determines if the claimant has the residual functional capacity to perform his past relevant work. *Id.* § 404.1520(a). If the claimant cannot perform his past relevant work, then the burden shifts to the Commissioner in the final step to show that there is sufficient work in the national economy that the claimant can perform given his residual functional capacity, age, education, and work experience. *Id.*; *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If no such work exists, then the claimant is legally disabled. *Id.* § 404.1520(a).

**C. The ALJ's Decision**

In his written decision, ALJ Kemper outlined the five-step analysis set forth in the Social Security Administration's disability regulations and found at 20 C.F.R. §§ 404.1520 and 416.920. [Administrative Transcript ("Tr."), p. 651-653]. ALJ Kemper first found that Plaintiff has not engaged in substantial gainful activity since the date of his application. [Tr. 653]. He then found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; depression; and anxiety. [Tr. 653]. Next, he found that Plaintiff's impairments, individually or in combination, do not meet or medically equal a listed impairment. [Tr. 654]. After that, ALJ Kemper determined Plaintiff's residual functional capacity. In doing so, he noted that new and material evidence warranted a finding that Plaintiff has greater functional limitations than those previously assessed by ALJ Reynolds. [Tr. 659]. Accordingly, ALJ Kemper decided to deviate from the residual functional capacity determination from Plaintiff's prior application. [Tr. 659]. Ultimately, ALJ Reynolds found that Plaintiff has the residual functional capacity to perform a range of medium work subject to several mental limitations. [Tr. 656.] ALJ Kemper then found that Plaintiff is unable to perform his past relevant work as a truck driver. [Tr. 659]. Finally, based on hearing testimony from the vocational expert, ALJ Kemper found that there are a significant number of jobs in the national economy that Plaintiff can perform despite his functional limitations. [Tr. 660]. Accordingly, ALJ Kemper found that Plaintiff has not been under a disability since the date his application was filed. [Tr. 661].

**D. Analysis**

Plaintiff's only argument on appeal is that the ALJ erred by failing to incorporate the postural limitations contained in prior ALJ's residual functional capacity finding. Both ALJs

4

found that Plaintiff was limited to medium work, but the previous ALJ found that Plaintiff was limited to only occasional bending, twisting, kneeling, crouching, crawling, and climbing of stairs and ramps. [Tr. 27]. The present ALJ's residual functional capacity finding did not include these limitations. [Tr. 656].

Because of Plaintiff's prior application, the ALJ was bound by the previous residual functional capacity finding absent evidence of an improvement or deterioration in Plaintiff's condition. *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997). When discussing Plaintiff's physical limitations, the ALJ identified two records that come after the prior ALJ's decision. These records, however, do not demonstrate an improvement in Plaintiff's condition.

The ALJ first discussed medical records from Juniper Health. [Tr. 657]. These records confirm the prior finding that Plaintiff suffers from degenerative disc disease. [Tr. 1213]. The records also show that Plaintiff was treated conservatively with narcotic pain medications and that Plaintiff later reported that the pain medications were helping. [Tr. 1209]. However, there is evidence that movement of Plaintiff's lower back continued to be restricted and painful. [Tr. 1207]. Accordingly, these records do not demonstrate improvement in Plaintiff's physical condition.

The ALJ also discussed a consultative examination completed by Dr. Rita Ratliff. [Tr. 1173-1176]. Dr. Ratliff first noted that Plaintiff was a difficult patient. [Tr. 1174]. He did not answer questions, he would not do any range of motion testing, and he did not make any effort during the strength testing of his lower extremities. [Tr, 1174-1176]. Because of this, Dr. Ratliff stated that she could not comment on any restrictions that Plaintiff may have due to his

5

"suboptimal" exam. [Tr. 1176].  Accordingly, Dr. Ratliff's opinion cannot provide evidence that Plaintiff's physical limitations have improved since the date of the prior ALJ's decision.

Additionally, the record contains a medical opinion from Dr. Anzures, a state agency medical consultant.  Dr. Anzures opined that the evidence in the record did not establish any postural limitations. [Tr. 1184].  However, Dr. Anzures's discussion of Plaintiff's physical limitations appears to be based on Dr. Ratliff's consultative examination. [Tr. 1183, 1184, 1187]. Thus, Dr. Anzures's opinion cannot provide evidence of improvement in Plaintiff's physical limitations for the same reasons Dr. Ratliff's opinion cannot provide such evidence.

Because the record fails to demonstrate an improvement in Plaintiff's physical condition, the ALJ erred by not incorporating the postural limitations included in the prior residual functional capacity.  However, this case need not be remanded because the record demonstrates that Plaintiff could still perform a significant number of jobs in the national economy despite his postural limitations.

The vocational expert testified that Plaintiff could work as a machine tender, hand packer, or assembler and that a significant number of these jobs existed in the regional and national economy. [Tr. 1421].  The Dictionary of Occupational Titles ("DOT") states that the jobs of assembler and hand packer occasionally involve stooping and do not involve climbing, balancing, kneeling, crouching, or crawling.  DOT § 369.687-010, 1991 WL 673070 (assembler); DOT § 559.687-074, 1991 WL 683797 (hand packer).  The job of machine tender does not involve any of the postural positions precluded by Plaintiff's residual functional capacity.  DOT § 699.685-050, 1991 WL 678869.  Thus, Plaintiff can perform these jobs despite his postural limitations.  Therefore, the ALJ's failure to consider Plaintiff's limitations does not undermine

his finding that there are a significant number of jobs in the national economy that Plaintiff can perform. Accordingly, the vocational expert's testimony provides substantial evidence for this finding and the ALJ's opinion must be affirmed.

### III. Conclusion

For the reasons stated, the Court HEREBY ORDERS:

(1) Plaintiff's Motion for Summary Judgment [R. 9] is **DENIED**; and

(2) Defendant's Motion for Summary Judgment [R. 10] is **GRANTED**.

Dated this 28th day of September, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge